# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| PATRICIA ANN GRANNY | ) | |
|---|---|---|
| For Douglas Rodger Granny (Deceased), | ) ) ) | Civil Action No. 11 - 1177 |
| | ) | District Judge |
| Plaintiff, | ) ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| v. | ) ) | ECF No. 12 |
| ARMSTRONG COUNTY JAIL and CAMP HILL, | ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion to Dismiss filed by Defendant Camp Hill (hereinafter referred to as "SCI-Camp Hill") (ECF No. 12) be granted.

### II.   REPORT

Plaintiff, Patricia Ann Granny ("Plaintiff") brings this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 on behalf of her deceased son, Douglas Rodger Granny. Plaintiff alleges, among other things, that her son was denied adequate medical care and given inadequate medical care while incarcerated at the Armstrong County Jail and later at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). Defendant SCI-Camp Hill has filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack

1

of subject matter jurisdiction. For the reasons that follow, it is recommended that the Motion to Dismiss be granted.

## A. Plaintiff's Allegations

Plaintiff is the mother of Douglas Rodger Granny who died of cancer on July 12, 2009, while incarcerated at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford"). Plaintiff alleges that while incarcerated at the Armstrong County Jail in July 2008, her son started to have medical issues and was in constant pain. She states that his requests for medical attention were ignored but that a doctor did adjust his back upon complaints of back-ache and weakness in his legs. This, however, only made the pain worse for her son.

Plaintiff's son was transferred to the Westmoreland County Jail and then again to the Pittsburgh County Jail[1] where several medical tests were performed. Although the tests came back normal, Plaintiff claims that the doctors were clearly "missing something" as the cancer was already present and tumors could be seen on his neck area.

Her son was then transferred to SCI-Camp Hill where Plaintiff claims he was denied medical care, given inadequate medical care, and subjected to cruel and unusual punishment, including dirty, deplorable conditions. She states that while at SCI-Camp Hill, her son collapsed to the floor, paralyzed, and was sent to the hospital for tests where he was diagnosed with Stage 4 cancer. He was taken to SCI-Graterford, presumably to be kept comfortable, and later passed away at a hospital where Plaintiff claims he was kept shackled to the very end.

---

[1] As there is no Pittsburgh County Jail, the court assumes that plaintiff is referring to the Allegheny County Jail.

B.  Analysis

1. **Legal Standard**

Defendant SCI-Camp Hill has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) which allows a party to move for dismissal of claims based on lack of subject matter jurisdiction.  Challenges under 12(b)(1) may be either facial or factual.  Patruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006); *see also* Med. Soc'y of New Jersey v. Herr, 191 F. Supp. 2d 574, 578 (D. N.J. 2002) ("A facial attack on jurisdiction is directed to the sufficiency of the pleading as the basis for subject matter jurisdiction," while a factual attack "calls into question the essential facts underlying a claim of subject matter jurisdiction."). Because a facial attack challenges the sufficiency of the pleadings, the trial court "must consider the allegations of the complaint as true."  Id.  In a factual attack, on the other hand, plaintiff's allegations are afforded no presumption of truthfulness, id., and the trial court may review evidence outside of the pleadings, Gould Electronics Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).  The plaintiff bears the burden of establishing that jurisdiction exists.  Petruska, 462 F.3d at 302 n.3.

2. **Eleventh Amendment Immunity**

Defendant SCI-Camp Hill has moved to dismiss Plaintiff's Complaint arguing that the Eleventh Amendment to the United States Constitution bars Plaintiff's claims against it.  The Eleventh Amendment is a jurisdictional bar that deprives federal courts of subject matter jurisdiction.  *See* Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 693 n.2 (3d Cir. 1996).  It provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  As

developed, the Eleventh Amendment affords states immunity from suits brought by citizens in federal court. Edelman v. Jordan, 415 U.S. 651, 663 (1974); MCI Telecomm. Corp. v. Bell Atl.-Pa., 271 F.3d 491, 503-04 (3d Cir. 2001).

It is well settled that the Commonwealth of Pennsylvania's Department of Corrections (and thus, SCI-Camp Hill) is a state agency, Lavia v. Pennsylvania, 224 F.3d 190, 195 (3d Cir. 2000), and because it is "a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" Id. (citing 71 Pa. C.S. § 61). There are only three "narrowly circumscribed" exceptions to Eleventh Amendment immunity: (1) abrogation by Act of Congress; (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law. M.A. ex rel. E.S. v. State-Operated Sch. Dist. of City of Newark, 344 F.3d 335, 345 (3d Cir. 2003) (citing MCI Telecomm. Corp., 271 F.3d at 503)). None of these exceptions are applicable in the instant case.[2] Consequently, Plaintiff's claims against SCI-Camp Hill are barred by the Eleventh Amendment and will be dismissed.[3]

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion to Dismiss filed by Defendant SCI-Camp Hill (ECF No. 12) be granted. Plaintiff's Complaint should be dismissed with prejudice as to this Defendant.

---

[2] First, it has been held that § 1983 does not override Eleventh Amendment immunity. *See* Quern v. Jordan, 440 U.S. 332, 341 (1979). Second, while the Pennsylvania General Assembly has expressly waived its immunity in nine specific instances, as set forth in 42 Pa. C.S. § 8522, the Commonwealth specifically reserved its right under the Eleventh Amendment to immunity from suit in federal court. 42 Pa. C.S. § 8521(b); *see also* Pa. Const. Art. I, § 11; 1 Pa. C.S. § 2310; Lavia, 224 F.3d at 195. Third, Plaintiff does not seek prospective relief to remedy an ongoing violation of federal law, but rather seeks damages for an alleged past violation.

[3] The court notes that Plaintiff has called on numerous occasions asking what she should do next. She advised that she needed an extension of time to file a response to the motion. She was told on every occasion to file a motion for extension with the court. The court has yet to receive any written request. Having said that, the law is clear as to this issue and the court does not see any basis upon which Plaintiff could oppose the motion.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B)&(C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: June 1, 2012

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Patricia Ann Granny
 720 West Chester Dr.
 Westmoreland County
 North Huntingdon, PA 15642

 All Counsel of Record