## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICIA ANN GRANNY,

for DOUGLAS R. GRANNY, Deceased,

　　　　　　　　　　Plaintiff,

　　　　　　v.

ARMSTRONG COUNTY JAIL and CAMP HILL,

　　　　　　　　　　Defendants.

)
)
)
)
)
)
)
)
)
)

Civil Action No. 11 - 1177

District Judge Joy Flowers Conti
Chief Magistrate Judge Lisa Pupo Lenihan

ECF No. 20

## REPORT AND RECOMMENDATION

### I.　　RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Motion for Summary Judgment filed by Defendant Armstrong County Jail (ECF No. 20) be granted.

### II.　　REPORT

Plaintiff, Patricia Ann Granny ("Plaintiff") brings this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 on behalf of her deceased son, Douglas Rodger Granny. Plaintiff alleges, among other things, that her son was denied adequate medical care and given inadequate medical care while incarcerated at the Armstrong County Jail and later at the State Correctional Institution in Camp Hill, Pennsylvania ("SCI-Camp Hill"). Defendant SCI-Camp Hill filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) (ECF No. 12) and the Court granted the Motion on August 24, 2012 (ECF No. 28). They have since been terminated from this action.

Pending before the Court is a Motion for Summary Judgment filed by the remaining Defendant Armstrong County Jail. (ECF No. 20.) Plaintiff was given an opportunity to file a response to the pending Motion for Summary Judgment (ECF No. 22) and received an extension of time until August 2, 2012, to do so (ECF No. 26). Instead of filing a response, Plaintiff submitted a letter to the Court on August 1, 2012. (ECF No. 27.) The Court will hereby construe the letter as a response in opposition to the Motion for Summary Judgment. As such, the Motion for Summary Judgment is now ripe for review and for the following reasons it is recommended that it be granted.

## A. Plaintiff's Allegations

Plaintiff is the mother of Douglas Rodger Granny who died of cancer on July 12, 2009, while incarcerated at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford"). Plaintiff alleges that while incarcerated at the Armstrong County Jail in July 2008, her son started to have medical issues and was in constant pain. She states that his requests for medical attention were ignored but that a doctor did adjust his back upon complaints of back-ache and weakness in his legs. This, however, only made the pain worse for her son.

Plaintiff's son was transferred to the Westmoreland County Jail and then again to the Pittsburgh County Jail[1] where several medical tests were performed. Although the tests came back normal, Plaintiff claims that the doctors were clearly "missing something" as the cancer was already present and tumors could be visibly seen on his neck area.

Her son was then transferred to SCI-Camp Hill where Plaintiff claims he was denied medical care, given inadequate medical care, and subjected to cruel and unusual punishment,

---

[1] As there is no Pittsburgh County Jail, the Court assumes that Plaintiff is referring to the Allegheny County Jail.

including dirty, deplorable conditions.[2]  She states that while at SCI-Camp Hill, her son

collapsed to the floor, paralyzed, and was sent to the hospital for tests where he was diagnosed

with Stage 4 cancer.  He was taken to SCI-Graterford, presumably to be kept comfortable, and

later passed away at a hospital where Plaintiff claims he was kept shackled to the very end.

Plaintiff acknowledges that Defendants could not have prevented the cancer but could have

allowed for proper medical care.

### B.  Summary Judgment Standard

Defendant Armstrong County Jail has filed a Motion for Summary Judgment.  Summary

judgment is appropriate if, drawing all inferences in favor of the non-moving party, the record

indicates that "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Summary judgment may be granted against

a party who fails to adduce facts sufficient to establish the existence of any element to that

party's case and for which that party will bear the burden of proof at trial.  Celotex Corp. v.

Catrett, 477 U.S. 317 (1986).  The moving party bears the initial burden of identifying evidence

or the lack thereof that demonstrates the absence of a genuine issue of material fact.  National

State Bank v. Federal Reserve Bank of New York, 979 F.2d 1579, 1582 (3d Cir. 1992).  Once

that burden has been met, the non-moving party must set forth "specific facts showing that there

is a genuine issue for trial" or the factual record will be taken as presented by the moving party

and judgment will be entered as a matter of law.  Matsushita Elec. Ind. Co. v. Zenith Radio

Corp., 475 U.S. 574, 587 (1986).  An issue is genuine only if the evidence is such that a

reasonable jury could return a verdict for the non-moving party.  Anderson v. Liberty Lobby,

---

[2] The Court does not intend, by this Report and Recommendation, to disregard the hardship of this situation on both the deceased and his mother, and certainly empathizes with the sorrow Ms. Granny must have experienced while these events were unfolding and to this day. The Court is, however, restrained by the law in its ability to provide any recourse.

Inc., 477 U.S. 242 (1986). The inquiry, then, involves determining "whether the evidence

presents a sufficient disagreement to require submission to a jury or whether it is so one-sided

that one party must prevail as a matter of law." Brown v. Grabowski, 922 F.2d 1097, 1111 (3d

Cir. 1990) (quoting Anderson, 477 U.S. at 251-52). If a court, having reviewed the evidence

with this standard in mind, concludes that "the evidence is merely colorable . . . or is not

significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-

50. Finally, while any evidence used to support a motion for summary judgment must be

admissible, it is not necessary for it to be in admissible form. *See* Fed. R. Civ. P. 56(c); Celotex,

477 U.S. at 324; J.F. Feeser, Inc., v. Serv-A-Portion, Inc., 909 F.2d 1524, 1542 (3d Cir. 1990).

## C. Discussion

Defendant Armstrong County Jail moves for summary judgment on the basis that

Plaintiff's claims are barred by the applicable statute of limitations. Section 1983 provides that

"[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any

State…subjects, or causes to be subjected, any citizen of the United States…the deprivation of

any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured in an action at law…" but does not provide any applicable statute of limitations. 42

U.S.C. § 1983 (2006). Title 28 U.S.C. § 1652 provides that "[t]he laws of the several states,

except where the Constitution or treaties of the United States or Acts of Congress otherwise

require or provide, shall be regarded as the rules of decision in civil actions in the courts of the

United States, in cases where they apply," and 42 U.S.C. § 1988 further provides that

> the protection of all persons in the United States in their civil rights…shall be
> exercised and enforced in conformity with the laws of the United States…but in
> all cases where they are not adapted to the object, or are deficient in the
> provisions necessary to furnish suitable remedies and punish offenses against law,
> the common law, as modified and changed by the constitution and statutes of the

State wherein the court having jurisdiction of such civil…cause is held…shall be extended to govern the said courts in the trial and disposition of the cause….

28 U.S.C. § 1652 (2006); 42 U.S.C. § 1988 (2006).

In fact, the Supreme Court stated that, "in 42 U.S.C. § 1988 Congress had plainly instructed the federal courts to refer to state law when federal law provides no rule of decision for actions brought under § 1983…." Chardon v. Soto, 462 U.S. 650, 657 (1983) (citing Bd. of Regents of the Univ. of the State of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980)). Thus, in "civil rights actions under 42 U.S.C. §§ 1983, 1985, federal courts must ascertain the underlying cause of action under state law and apply the limitation period which the state would apply if the action had been brought in state court" and the "controlling statute of limitations in an action pursuant to 42 U.S.C. § 1983 is the most analogous one provided by state law." Jennings v. Shuman, 567 F.2d 1213, 1216 (3d Cir. 1977) (citing Polite v. Diehl, 507 F.2d 119, 122 (3d Cir. 1974)); Eubanks v. Clarke, 434 F. Supp. 1022, 1030 (E.D. Pa. 1977).

In this case, the applicable statute of limitations is two years. *See* 42 Pa. C.S. § 5524; Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998). In addition, a § 1983 cause of action "accrues when the plaintiff knew or should have known of the injury upon which its action is based." Sameric, 142 F.3d at 599. Plaintiff's son was incarcerated in the Armstrong County Jail from June 2, 2008, through March 22, 2009, at which time he was transferred to the custody and control of Westmoreland County. (ECF No. 21-1.) Therefore, in order to come within the applicable statute of limitations period, Plaintiff's Complaint should have been filed on or before March 22, 2011. Plaintiff, however, commenced the instant action in the Eastern District of Pennsylvania on July 13, 2011, over three months after the deadline for filing expired. *See* ECF No. 1. Moreover, the undersigned finds that Plaintiff's claims against

Defendant Armstrong County Jail accrued prior to the passing of her son on July 12, 2009. Consequently, Plaintiff's claims against Defendant Armstrong County Jail are barred by the applicable statute of limitations and Defendant's Motion for Summary Judgment should be granted accordingly.[3]

## III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Motion for Summary Judgment filed by Defendant Armstrong County Jail (ECF No. 20) be granted.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date on which the objections are served to file its response. A party's failure to file timely objections will constitute a waiver of that party's appellate rights.

Dated: October 5, 2012

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Patricia Ann Granny
    720 West Chester Dr.
    Westmoreland County
    North Huntingdon, PA 15642

---

[3] Moreover, although Defendant does not move for summary judgment on this ground, the undersigned notes that Armstrong County Jail is not an entity subject to suit under 42 U.S.C. § 1983. *See*, *e.g.*, Howie v. Allegheny County, No. 08-cv-1406, 2009 U.S. Dist. LEXIS 40007, 2009 WL 1309749, at *2 (W.D. Pa. May 11, 2009) ("Here, the claims asserted against the [Allegheny County Jail] are subject to dismissal because jail facilities are not 'persons' for the purpose of § 1983 liability.") In this case, the proper defendant would be Armstrong County. It is unnecessary, however, to construe Plaintiff's claims as against Armstrong County because such claims would still be barred by the applicable statute of limitations as discussed above.

*Via U.S. Mail*

Counsel of Record
*Via ECF Electronic Mail*